UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: LIFE TIME FITNESS, INC., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION | Case No. 14-md-02564 (JNE-SER)<br><br>MDL No. 2564 |
| This document relates to:<br><br>CATHERINE GOULD, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>LIFE TIME FITNESS, INC.,<br><br>       Defendant. | Case No. 4:14-cv-04447-JNE-SER<br><br>Transferred from the Eastern District of Missouri |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Catherine Gould, on behalf of herself and all others similarly situated, by her undersigned counsel, for her First Amended Class Action Complaint, states:

### Parties, Jurisdiction and Venue

1.     Plaintiff Catherine Gould is a resident of Cook County, Illinois.

2.     Defendant Life Time Fitness, Inc. ("Defendant" or "Life Time") is a corporation organized and existing under the laws of the State of Minnesota.

3. Defendant has a registered agent in the State of Missouri and maintains a place of business at 3058 Clarkson Road, Ellisville, Missouri.

4. This Court has personal jurisdiction over Life Time because Life Time transacts business in the State of Missouri, has made contracts within the State of Missouri, has committed tortious acts within the State of Missouri and otherwise has sufficient minimum contacts with the State of Missouri.

## Facts

5. On or about March 30, 2014, Defendant or someone acting on its behalf sent an unsolicited text message to Plaintiff.

6. The text message was received by Plaintiff on her cellular phone in St. Louis County, Missouri.

7. The text message was a solicitation to Plaintiff for the purchase of Defendant's goods or services. The text message stated: "Exclusive offer ONLY for prior members at Life Time Fitness in West County. Call us @ 636-591-2609! Offer expires 11:59pm, 3/31/14! Secure your spot NOW!" An image of the text message is attached as Exhibit 1.

8. The phone number 636-591-2609 is a phone number associated with Life Time's Ellisville, Missouri location.

9. The text message was sent to Plaintiff from short code 882-02.

10.   Upon information and belief, Life Time or an agent acting on its behalf sent unsolicited text messages to Plaintiff and numerous other individuals.

11.   Upon information and belief, Life Time created or assisted with the creation of the content of the text messages sent to Plaintiff and members of the class.

### Count I – Violation of the TCPA, 47 U.S.C. § 227 *et seq.*

12.   Plaintiff restates and incorporates by reference the allegations of Paragraphs 1 through 11 as if fully restated herein.

13.   The Telephone Consumer Protection Act ("TCPA") prohibits a person or entity from sending or having an agent send text unsolicited text messages without the recipient's prior express written invitation or permission.

14.   The TCPA provides a private right of action and statutory damages of at least $500 per violation.  These damages can be trebled if the Court finds that the TCPA was willfully violated.

15.   Plaintiff brings this action under Federal Rule of Civil Procedure 23(b)(3) individually, and on behalf of the following class:

> all persons who, from October 16, 2013 to the present, were sent text messages by or on behalf of Life Time promoting its goods or services for sale.

16. Defendant's actions in sending the text message described above violate 47 U.S.C. §227(b).

17. The TCPA prohibits any person from making any call using an automatic telephone dialing system to a cellular telephone. 47 U.S.C. §227(b)(1)(A)(iii).

18. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

19. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase . . . of goods, or services, which is transmitted to any person." 47 U.S.C. §227(a)(4).

20. The Federal Communications Commission's Rules and Regulations implementing the TCPA provide that anyone engaged in telemarketing needs the prior express written consent of the recipient prior to sending text messages to a wireless number. *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013).

21. Upon information and belief, the text messages sent to Plaintiff and members of proposed class were sent by an automatic telephone dialing system.

22. The text messages sent to Plaintiff and members of the class are "telephone solicitations" because they encouraged Plaintiff and members of the class to purchase Defendant's goods or services.

23. Plaintiff did not provide Defendant with express written consent to send her text messages.

24. Upon information and belief, Defendant sent similar text messages to members of the proposed class without obtaining their prior express written consent.

25. Under 47 U.S.C. §227(b)(3) Plaintiff and members of the proposed class are entitled to $500 per text message sent by Defendant, up to $1,500 per text message sent if the Court finds that the Defendant willfully violated the TCPA.

26. Defendant knew or should have known that the text message sent to Plaintiff and the members of the proposed class was a telephone solicitation and that Plaintiff and the members of the proposed class did not provide their prior express written consent to receive text messages from Defendant.

27. Upon information and belief, the class numbers in the thousands, and is so geographically diverse that joinder of all members is impracticable.

28. Plaintiff's claims are typical of the class she seeks to represent. There are questions of law and fact common to the class. Common questions include:

a. whether Defendant's conduct described in this petition is governed by the TCPA;

b. whether the text messages sent by or on behalf of Defendant contain material encouraging the purchase of Defendant's goods or services;

c. whether the sending of unsolicited text messages by or on behalf of Defendant violated the provisions of the TCPA;

d. whether the class members are entitled to statutory damages under the TCPA;

e. whether Defendant knowingly violated the TCPA;

f. whether Defendant should be enjoined from sending text message telephone solicitations in the future; and,

g. whether the Court should award treble damages under the TCPA.

29. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of class actions, and Plaintiff is committed to vigorously prosecuting the claims. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

30.   The questions of law and fact common to the members of the proposed class predominate over any questions of fact affecting any individual member of the proposed class.

31.   A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

32.   Due to Defendant's illegal conduct as set forth in this petition, Plaintiff and the class members are entitled to statutory damages under 47 U.S.C. §227(b).

### Demand for Judgment

WHEREFORE Plaintiff Catherine Gould, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. enter an order, pursuant to Federal Rule of Civil Procedure 23(b)(3) certifying this action as a class action, and appointing Catherine Gould as the representative of the class;

b. enter an order appointing Butsch Roberts & Associates LLC as counsel for the class;

c. enter an order enjoining Defendant from further violating the TCPA;

d. enter judgment in favor of Plaintiff Gould and the Plaintiff Class for all damages available under the TCPA, including statutory damages of $500 per violation, or $1,500 per violation if Defendant's violation was willful;

e. award Plaintiff Gould and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claim administration; and,

f. award Plaintiff Gould and the class interest, costs and any further and additional relief to which they may be entitled.

Jury Trial Demanded

BUTSCH ROBERTS & ASSOCIATES LLC

By: *[signature]*

David T. Butsch #37539MO
Christopher E. Roberts #61895MO
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Counsel for Plaintiff Catherine Gould